IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO.: 4:11-CR-38-2H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| NICOLE GRADY MAYERS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for sentencing transcripts at government expense and motion to proceed in forma pauperis.

Title 28 U.S.C. § 753(f) governs when a transcript may be provided at the expense of the United States. Section 753(f) provides, in pertinent part:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue

> presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

28 U.S.C. § 753(f). While the government must provide indigent criminal defendants with a transcript of prior proceedings under certain circumstances, there is no constitutional requirement that an indigent defendant receive free transcripts to collaterally attack his conviction or sentence. An indigent defendant is not entitled to a transcript at government expense "merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963). Thus, an individual requesting a free transcript for post-conviction matters must show a "particularized need" for the transcript. Morin v. United States, 522 F.2d 8, 9 (4th Cir. 1975).

Defendant has failed to make such a showing in this case. Because defendant has not shown a particularized need for a transcript, the motion [DE #61] is DENIED and the application to proceed in forma pauperis [DE #62] is also DENIED.

This 28th day of May 2014.

                                                           Malcolm J. Howard
                                                           Senior United States District Judge

At Greenville, NC
#26